Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| YAMILKA DÍAZ POLO  Apelante  v.  ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE SEGURIDAD PÚBLICA Y NEGOCIADO DE LA POLICÍA DE PUERTO RICO  Apelada | TA2025AP00554 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de CAGUAS  Caso Núm.: CG2025CV02372  Sobre: Ley de Represalias en el Empleo (Ley 115 - 1991) |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante nos la Sra. Yamilka Díaz Polo (Sra. Díaz o apelante) mediante recurso de *Apelación* en el que nos solicita que revoquemos la *Sentencia* emitida en el caso de epígrafe el 23 de septiembre de 2025. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario) desestimó la *Demanda* que la señora Díaz instó contra el Estado Libre Asociado (ELA), por sí y en representación del Negociado de la Policía de Puerto Rico (NPPR) y del Departamento de Seguridad Pública (en conjunto, apelados).

Examinado el expediente ante nuestra consideración, y en virtud del derecho aplicable que más adelante consignaremos, resolvemos **revocar** la determinación apelada. Veamos.

-I-

El 7 de octubre de 2025, la Sra. Díaz- quien trabajaba como Sargento en la Academia de la Policía de Puerto Rico (Academia de la Policía), instó *Demanda* al amparo de la Ley Núm. 115 de 20 de diciembre de 1991 (Ley

Núm. 115-1991), según enmendada, mejor conocida como *Ley de Represalias contra el Empleado por Ofrecer Testimonio*[1]. En esta, alegó que fue removida de sus funciones en represalia por los hechos allí relatados. Específicamente, indicó que luego de un periodo de licencia regular de vacaciones, se reportó enferma por indicación del Fondo del Seguro del Estado (FSE). Así, relata que, mientras procuraba descanso, específicamente el 11 de febrero de 2025, la teniente Norma Arce Cruz (Sra. Arce) llegó a su residencia, le ocupó su arma reglamentaria y le informó que había sido transferida al Centro de Reemplazo por haber estado cuarenta y ocho (48) días fuera de su lugar de trabajo.

Conforme explica en su *Demanda, e*l 13 de febrero de 2025, la apelante incoó una querella administrativa contra el teniente coronel Ángel L. Viera Mendoza, la Sra. Arce y la teniente Nilsa Morales en la Superintendencia Auxiliar de Responsabilidad Profesional (SARP). Ello, por entender que la ocupación del arma fue contraria a la Orden General Capítulo 300 Sección 307 (Orden 300-307) del NPPR. En respuesta, el próximo día la SARP le remitió a la Sra. Díaz la siguiente comunicación:

> Recientemente usted radicó una queja mediante Sistema SARP Web Interfaz 25608 del Negociado de la Policía de Puerto Rico, informando que la Tte. Nilsa Morales Espinell 7- 19559 la visitó a su residencia para proceder con la ocupación de su arma de reglamento y armas menos letales, esto por instrucciones del Tte. Cnel. Ángel Viera Mendoza 2- 15879. Según su relato se sintió ofendida por tal actuación. Luego de haber evaluado su queja, hemos determinado no iniciar un proceso administrativo, toda vez que estos oficiales tenían la obligación y responsabilidad de ocupar su equipo, según lo dispuesto en la OG Capitulo 300 Sección 307 Titulada Unidad de Retención y Asignación.

Así las cosas, la apelante alegó que el 18 de febrero de 2025 se reportó a sus funciones en la Academia de la Policía donde fue removida verbalmente del área sin documentación que ordenara un traslado activo o asignación al Centro de Reemplazo. Relató que ese mismo día realizó los trámites procedentes para su incorporación en la Unidad de Retención y

---

[1] 29 LPRA sec. 194, *et seq.*

Asignación y, posteriormente, se personó nuevamente en la Academia de la Policía con el documento que acreditaba su integración inmediata. Indicó que allí, y por órdenes del teniente coronel Ángel L. Viera, fue expulsada de manera hostil y maltratante como represalia a la queja presentada en su contra.

El 19 de febrero de 2025, según surge de las alegaciones de la *Demanda*, se le remitió a la apelante una nueva hoja de incorporación firmada por otras personas y con la fecha del presente día. La referida hoja dio paso a su nueva asignación en el Distrito de Cidra. La apelante argumentó que, por lo antes relatado, particularmente luego de presentar la querella administrativa, fue objeto de represalias, a saber: (1) fue removida injustificadamente de sus funciones mediante una actividad protegida; (2) fue removida de la Academia de la Policía, utilizando como subterfugio la Orden 300-307; (3) fue retenida sin su arma de reglamento; (4) enviada a Operaciones de Campo; (5) sufrió cambio de modalidad de trabajo y supervisión y; (6) se le modificó sin justificación el comunicado de incorporación inicial.

Tras varios asuntos procesales que son innecesarios pormenorizar, el 15 de septiembre de 2025, sin someterse a la jurisdicción, los apelados solicitaron la desestimación por falta de jurisdicción sobre la materia en el caso de epígrafe. A tales fines, indicaron que la Comisión Apelativa del Servicio Público (CASP) es el foro con jurisdicción exclusiva para atender reclamaciones de acciones de personal; particularmente, procesos de asignación y traslado. Añadieron que, en el caso de autos, el 19 de febrero de 2025, el NPPR le notificó a la Sra. Díaz su traslado al Distrito de Cidra con derecho a apelación ante la CASP, sin embargo, la apelante nunca recurrió. Ante la existencia de un marco estatutario que faculta a un foro administrativo atender los asuntos antes reseñados, los apelados concluyeron que el TPI no ostentaba jurisdicción en el caso de marras.

En oposición, la Sra. Díaz reafirmó que las actuaciones que dieron paso a la presente causa de acción ocurrieron durante una actividad protegida. O sea, los hechos conducentes al despojo de su arma provocaron que la Sra. Díaz instara una queja y esta acción resultó en represalias contra la apelante. Específicamente, la queja que presentó en la SARP ocasionó un comportamiento irreverente hacia su persona en la Academia de la Policía. Ante este marco, señaló que en el caso de autos el foro primario acarrea jurisdicción por tratarse de represalias contra un empleado en virtud de la Ley Núm. 115–1991. Por esta razón, negó que procediera la desestimación solicitada por los apelados.

Evaluadas las posiciones de las partes, el 23 de septiembre de 2025, el TPI emitió *Sentencia de Desestimación*. Allí, determinó ausencia de jurisdicción sobre la materia y desestimó con perjuicio la presente causa de acción. En desacuerdo con esta decisión, la apelante sometió una *Moción de Reconsideración* con el fin de rebatir la falta de jurisdicción impuesta por el TPI. Con tal propósito, expuso que la SARP nunca comenzó un proceso administrativo debido a que su querella fue acogida como una queja. De igual forma, argumentó que el foro administrativo no cuenta con un remedio contra represalias al amparo de la Ley Núm. 115-1991. A esos fines, solicitó la continuación de los procedimientos.

Acogida la reconsideración, el foro primario emitió una *Resolución sobre Reconsideración* en la que determinó que, luego de un análisis preponderado de los hechos, la presente causa de acción estaba mayormente relacionada a un asunto de represalias en virtud de la Ley Núm. 115-1991. Además, sostuvo que la determinación administrativa emitida por la SARP carecía de advertencia del derecho a apelar y revocó la *Sentencia de Desestimación* y ordenó la continuación de los procesos.

Ante este dictamen, el 22 de noviembre de 2025, los apelados comparecieron en reconsideración y sin someterse a la jurisdicción,

arguyeron que no procedía dejar sin efecto la *Sentencia de Desestimación*. Convencido por los argumentos levantados por los apelados, el TPI dictó una nueva *Resolución sobre Reconsideración* mediante la cual reinstaló la desestimación con perjuicio inicialmente dictaminada.

Inconforme, la Sra. Díaz presentó el recurso de epígrafe y enunció el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia, Sala Superior de Caguas, en su resolución del 29 de octubre de 2025, al declarar No Ha Lugar la solicitud de reconsideración presentada por la Apelante, dando lugar que se desestime la demanda instada, bajo el razonamiento de que no existe jurisdicción sobre la materia por parte del Tribunal, privando a la Apelante de tener su día en corte.

Atendido el recurso, el 25 de noviembre de 2025 emitimos una *Resolución* en la que le concedimos a los apelados el término dispuesto en la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), para presentar su posición. En cumplimiento, el 11 de diciembre de 2025, el ELA presentó una *Solicitud de desestimación y escrito en cumplimiento de Resolución*.

Por su parte, el 9 de diciembre de 2025 la apelante solicitó un auxilio de jurisdicción ante esta *Curia*; el cual denegamos mediante *Resolución* emitida el 11 de diciembre de 2025. Así pues, con el beneficio de la comparecencia de todas las partes, damos por sometido el asunto y procedemos a resolver.

-II-

A.

Nuestro ordenamiento jurídico permite que un demandado solicite la desestimación de la reclamación judicial instada en su contra cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. *Rodríguez Vázquez v. Hospital Español Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ____. Es por esta razón que puede solicitarse la desestimación total de la reclamación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2. Esto puede

hacerse inclusive, antes de contestar la demanda. *Íd.* Conforme la mencionada regla, podrá solicitarse la desestimación de un pleito cuando se alegue: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable. *Íd.*

En cuanto a la evaluación de un escrito de esta naturaleza, en innumerables ocasiones el Tribunal Supremo de Puerto Rico ha establecido que los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. Así pues, para que una moción de desestimación pueda prosperar, tiene que demostrarse certeramente que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Banco Popular de Puerto Rico v. Cable Media of PR, Inc.*, 2025 TSPR 1, 215 DPR ____; *Inm. Baleares et al v. Benabe et al*, 214 DPR 1109, 1128 (2024).

B.

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. En Puerto Rico, para poder adjudicar una causa de acción, el foro judicial debe tener jurisdicción sobre la materia y sobre las partes. *Mun. de Aguada v. W Const. Y Recovery Finance*, 214 DPR 432, 448 (2024).

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Por ende, las cuestiones relativas a la jurisdicción pueden considerarse *motu proprio* o a petición de parte, en cualquier etapa de los

procedimientos, incluso en la apelativa. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 206 (2017).

Entre las doctrinas de abstención judicial, se encuentra la *doctrina de jurisdicción primaria*. A diferencia de la doctrina de agotamiento de remedios administrativos, la doctrina de jurisdicción primaria presupone no haberse iniciado proceso alguno por las partes ante la agencia administrativa, siendo ésta quien disfruta de la discreción o conocimiento especializado para entender en los asuntos planteados. *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 DPR 906, 920 (2001). La misma atiende el problema de determinar si el foro con jurisdicción para ventilar una controversia en primera instancia es el tribunal o la agencia administrativa, lo cual establece un sistema de prelación o prioridad jurisdiccional. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 146 (2023).

La doctrina de jurisdicción primaria tiene dos vertientes; la *concurrente* y la *exclusiva*. La *jurisdicción primaria concurrente* presupone que tanto el tribunal como el foro administrativo tienen jurisdicción concurrente. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 102-103 (2020). Esto alude a que ambos foros tienen simultáneamente jurisdicción legal para entender en la controversia. *CBS Outdoor v. Billboard One, Inc. et al.*, 179 DPR 391, 404 (2010). No obstante, el foro judicial otorga deferencia al organismo administrativo para atender la controversia por entender que las agencias por tener mayor peritaje en la materia. *Beltrán Cintrón et al. v. ELA et al.*, supra.

Lo anterior significa que, al considerar las cuestiones de hecho, se requiere el ejercicio de la discreción adjudicativa o aplicación del conocimiento especializado que la agencia posee. *Asoc. Pesc. Pta. Figueras v. Marina de Pto. del Rey*, supra, pág. 921. Ahora bien, si las controversias traídas ante el foro judicial "no requieren el peritaje o el conocimiento

especializado de la agencia, el foro judicial no tiene por qué abstenerse de ejercer su autoridad ordinaria para atender el asunto ante su consideración". *Báez Rodríguez et al. v. E.L.A.*, 179 DPR 231, 240 (2010).

Por otro lado, la *jurisdicción primaria exclusiva* se refiere a que una ley o un estatuto le confiere jurisdicción a determinado ente administrativo para que éste sea el único foro con facultad para resolver, inicialmente, determinada controversia. A esos fines, **si una agencia cuenta con** *jurisdicción primaria exclusiva* **sobre un asunto, los tribunales no tendrán jurisdicción para atender el caso en primera instancia**. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia*, 2025 TSPR 123, 2015 DPR __, pág. 5.

C.

La Ley Núm. 182-2009, conocida como la Ley de Reorganización y Modernización de la Rama Ejecutiva 2009, 3 LPRA sec. 8821 *et seq.*, creó el Plan de Reorganización Núm. 2 de 2010, aprobado el 26 de julio de 2010, mejor conocido como el Plan de Reorganización de la Comisión Apelativa del Servicio Público, 3 LPRA Ap. XIII. Mediante este último se estableció la nueva CASP, fusionándose la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH) y la Comisión de Relaciones del Trabajo del Servicio Público (CRTSP).

Específicamente, la CASP es un foro administrativo cuasi-judicial perteneciente a la Rama Ejecutiva que se especializa en asuntos obrero-patronales y del principio de mérito. *Hernández Feliciano v. Municipio de Quebradillas*, 211 DPR 99, 112 (2023); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1051 (2013). Conforme el Artículo 12 del Plan de Reorganización[2] de la CASP, dicho ente tiene jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los administradores individuales y los municipios en las siguientes circunstancias:

---

[2] 3A LPRA Ap. XIII, Artículo 12.

a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107- 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;

c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares" [Nota: Derogada y sustituida por la Ley 89-2016, según enmendada, "Ley de Empleo Temporal en el Servicio Público"];

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada [Nota: Derogada y sustituida por la Ley 8-2017], en las áreas esenciales al principio de mérito;

e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;

f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada [Nota: Derogada y sustituida por la Ley 8-2017], y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos.

A su vez, el Plan de Reorganización le reconoce a la Comisión la facultad de conceder indemnizaciones por daños y perjuicios e imponer multas administrativas en todo tipo de discrimen que sea probado por los empleados que acuden ante este foro. Ello, sin menoscabo de los derechos de los servidores públicos de recurrir al foro judicial para el reclamo de

daños y perjuicios cuando no lo reclamen ante la Comisión. A su vez, establece que la Comisión atenderá toda querella o apelación que se presente ante ella y que concierna a su jurisdicción.[3] A tales efectos, la Comisión deberá interpretar, aplicar y hacer cumplir las disposiciones de la Ley 8-2017, mejor conocida como la Ley de Relaciones del Trabajo del Servicio Público (Ley Núm. 8-2017)[4] y la reglamentación vigente, en todo lo relativo a la administración de los recursos humanos y la relación obrero patronal.

La Ley 8-2017, en su Art. 2, Sección 2.1 establece como política pública que todo empleado del sistema de recursos humanos sea seleccionado, adiestrado, ascendido y retenido en consideración al mérito, conocimiento y capacidad, sin discrimen por razón de raza, sexo, origen, condición social, ideas políticas o religiosas, edad, nacimiento, orientación sexual, identidad de género, condición de veterano, impedimento físico o mental o por ser víctima de violencia de género.[5]

Por su parte, el Art. 5, Sección 5.2 del mencionado estatuto dispone que las agencias e instrumentalidades gubernamentales deben adoptar reglamentos de personal que incorporen el principio de mérito y someter copia a la Oficina de Administración y Transformación de los Recursos Humanos. Dicho principio implica que los empleados públicos serán reclutados, seleccionados, ascendidos y retenidos con base en su capacidad y desempeño, sin discrimen, y que se seleccionen exclusivamente en atención a sus méritos e idoneidad. Ley Núm. 8-2017, *supra*, sec. 1469b(35). El Tribunal Supremo reiteró que este principio exige que los más aptos sirvan al Gobierno y que toda decisión de personal se haga considerando el mérito y la capacidad, sin discrimen alguno. *González Segarra v. CFSE*, 188 DPR 252, 280 (2013).

---

[3] 3A LPRA Ap. XIII, Artículo 8.
[4] 3 LPRA *secs. 1451 et seq.*
[5] 3 LPRA *sec. 1469ª et seq.*

En cumplimiento, el Negociado de la Policía de Puerto Rico aprobó la Orden 300-3007[6] con el propósito de crear la Unidad de Retención y Asignación. La mencionada unidad, es la encargada de los procesos administrativos de los miembros del Negociado de la Policía de Puerto Rico y empleados del sistema clasificado que se reporten por enfermedad natural, emocional, suspensión de empleo y sueldo, licencias militares, licencias autorizadas, licencias sin sueldo y otras.  A su vez, facultó a la Unidad de Retención y Asignación a, entre otras cosas, reasignar a los empleados que reporten ausencias prolongadas por un término mayor de treinta (30) días laborales, excepto a quienes se le conceda licencia regular o destaque.[7]

### D.

La Ley de Represalias, Ley Núm. 115-1991, 29 LPRA sec. 194, *et seq.*, nació de la necesidad de un estatuto que limitara de manera específica la facultad patronal de despedir empleados por participar en procesos investigativos de naturaleza gubernamental. *Santiago Nieves v. Braulio Agosto Motors*, 197 DPR 369 (2017), al citar a Jaime L. Sanabria Montañez, Derecho laboral, 83 Rev. Jur. UPR 697a (2014). El mencionado estatuto crea una causa específica de acción sobre daños y perjuicios contra cualquier patrono que discrimine contra algún empleado por este ofrecer o intentar ofrecer información o testimonio ante algún foro legislativo, judicial o administrativo. *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 159 (2007). Así pues, el Art. 2 de la discutida legislación establece los parámetros de esta causa de acción del siguiente modo:

> (a) Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o

---

[6] Orden General, Capítulo 300, Sección 307 del 1 de diciembre de 2024.

[7]    https://biblioteca.policia.pr.gov/Document/Detail?DocumentGuid=8eb9ca9a-a32e-4593-adce-83bf494a3974

intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

(b) Cualquier persona que alegue una violación a las secs. 194 *et seq.* de este título podrá instar una acción civil en contra del patrono dentro de tres (3) años de la fecha en que ocurrió dicha violación y solicitar se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. La responsabilidad del patrono con relación a los daños y a los salarios dejados de devengar será el doble de la cuantía que se determine causó la violación a las disposiciones de dichas secciones.

(c) El empleado deberá probar la violación mediante evidencia directa o circunstancial. El empleado podrá, además, establecer un caso prima facie de violación a la ley probando que participó en una actividad protegida por las secs. 194 *et seq.* de este título y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo. Una vez establecido lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono era un mero pretexto para el despido. 29 LPRA sec. 194a.

La Ley 115-1991 amplió las protecciones de los empleados, quienes mediante los procesos internos o externos ofrecen información o testimonio. De esa manera, nuestro más alto foro ha interpretado con basta liberalidad las leyes laborales. Particularmente, ha determinado que la exclusión de un empleado de los beneficios de la legislación laboral debe surgir expresamente de la ley e interpretarse restrictivamente. *Romero et als. V Cabrer Roig et als.*, 191 DPR 643, 653 (2014)

III.

Como dijéramos, en el recurso de epígrafe la apelante nos solicita que revoquemos el dictamen emitido por el foro primario mediante el cual desestimó la demanda por **falta de jurisdicción sobre la materia.** En esencia, la Sra. Díaz señala que incidió el foro primario al exigir agotar remedios administrativos, cuando no existe un remedio ante la CASP para reclamar daños por actos de represalias al amparo de la Ley Núm. 115-1991. A su vez, añade que los actos represivos en su contra - entiéndase, el trato hostil que recibió al ser removida de la Academia de la Policía por órdenes

del teniente Ángel L. Viera Mendoza- ocurrieron justo después de presentar una querella contra los oficiales que llevaron a cabo el despojo de su arma reglamentaria.

Mientras tanto, en su comparecencia los apelados, nos solicitan la desestimación del recurso por carecer de apéndice y se expresan en contra de la petición de auxilio de la apelante.[8] En la alternativa, también aseveran que tomándose como ciertas las alegaciones de la demanda, es evidente que la reclamación de acción de represalias "está imbricada en una supuesta aplicación incorrecta de la Orden General 300-307." Por esto último, plantean que, tratándose de acciones de personal relacionadas con el principio de mérito, es la CASP el ente con jurisdicción exclusiva para evaluar si las actuaciones de la Policía cumplieron con las disposiciones de la mencionada orden general y aquellas que la Ley Núm. 8-2017 contiene.

Del expediente surge, que el 11 de febrero de 2025, a la Sra. Díaz se le ocupó su arma de reglamento y que, en virtud de la Orden General 300-307 del NPPR, fue asignada a la Unidad de Retención y Asignación. Este, también arroja que el 14 de febrero de 2025, la apelante presentó una querella administrativa para impugnar la acción tomada en su contra, así como los actos incurridos por los oficiales responsables de ocupar su equipo reglamentario.[9] También aparece en el legajo que el 18 de febrero de 2025, la Sra. Díaz comenzó el proceso para su incorporación. Tal cual alega la apelante, es entonces durante el trámite de este asunto que, en la Academia de la Policía, recibió un trato hostil.

En el caso ante nuestra consideración los apelados cuestionaron la capacidad del foro judicial para atender una causa de acción por represalias

---

[8] Hoy declaramos **No Ha Lugar** la solicitud de desestimación peticionada por los apelados.
[9] En cuanto a esta querella, ese mismo día la SARP determinó que no iniciaría un proceso administrativo por entender que el arma fue obtenida en cumplimiento con las disposiciones reglamentarias, archivándose la queja. Así le fue informado mediante correo electrónico a la apelante el mismo 14 de febrero de 2025 cuando se le remitió la denegatoria de la QUEJA SARP WEB 25608. Es menester señalar que la misma carece de salvedad de su derecho a reconsiderar o apelar la decisión.

al amparo de la Ley 115-1998. Con tal propósito, expusieron que la apelante pretende judicialmente reclamar compensación por acciones relativas al principio de méritos, asunto que recaen exclusivamente bajo la jurisdicción de la CASP.

Conforme describimos en el acápite anterior, en virtud del Plan de Reorganización, las querellas o apelaciones ante la CASP surgen, entre otras instancias, cuando el apelante entiende que las actuaciones en su contra fueron contrarias a la Ley Núm. 8-2017. En particular, la mencionada ley dispone sobre asuntos relativos a la clasificación o traslados de los empleados como política pública para evitar actos de discrimen por razón de raza, sexo, origen, condición social, ideas políticas o religiosas, edad, nacimiento, orientación sexual, identidad de género, condición de veterano, impedimento físico o mental o por ser víctima de violencia de género.

No albergamos duda de que, en el caso de autos, la apelante pudo haber recurrido ante la CASP para cuestionar la legalidad del traslado a tenor con la Ley Núm. 8-2017. Esto, pues la Sección 6.1 de dicho estatuto establece que los traslados son áreas esenciales al principio de mérito[10]. No obstante, estudiado el expediente nos parece que el reclamo de la apelante no persigue ese fín.

Si bien en su *Demanda*, la apelante relata el desarme del que fue objeto y expone que este acto fue uno injustificado y contrario a la reglamentación vigente, su reclamación no busca específicamente impugnarlo. Tampoco se circunscribe a objetar su traslado al Centro de Reemplazo. Por el contrario, en su *Demanda* relató que una vez sometió querella administrativa contra oficiales de alto rango, fue objeto de acciones de mala fe por parte del personal del Negociado de la Policía ejecutadas con el propósito de sancionarla injustificadamente por su queja. Específicamente, alegó que a consecuencia de la querella administrativa

---

[10] 3 LPRA Sec. 1472a.

que presentó **y como represalias por dicho acto,** fue objeto de trato hostil, actuaciones represivas, marginada e incluso, indicó que a la fecha en que la demanda fue radicada, la mantenían despojada sin su arma de reglamento sin una razón válida. [11] Es precisamente por estos actos que alega haber sufrido daño emocional, sufrimiento y angustias mentales y como único remedio suplica una compensación no menor de $75,000.00.

Basándonos en lo anterior, nos parece claro que la apelante no busca que el foro primario evalúe de forma alguna la remoción del arma o el traslado del cual fue objeto. Más bien, reclama que las actuaciones llevadas a cabo por los oficiales que identifica en su *Demanda* fueron en represalia en su contra por haber presentado una querella contra estos. Consecuentemente, el foro primario se equivocó al desestimar la causa de acción contra los apelados por falta de jurisdicción sobre la materia.

IV.

Por los fundamentos antes expuesto, **revocamos** el recurso de epígrafe y se devuelve al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Véase, alegaciones 23 a la 40 de la *Demanda.* Entrada #1 en SUMAC.